IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAINEY TRANSPORTATION SERVICES, INC., <br><br> Defendant. | No. C-04-2521 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT DEFENDANT'S REQUEST FOR RULE 56(f) CONTINUANCE; VACATING HEARING** <br><br> (Docket No. 26) |

Before the Court is plaintiff Ross Stores, Inc.'s ("Ross") motion for summary judgment, filed May 5, 2005. Defendant Gainey Transportation Services, Inc. ("Gainey") has filed timely opposition, in which it requests that the hearing on the motion for summary judgment be continued, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Ross has filed a timely reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the June 17, 2005 hearing on the motion. For the reasons set forth below, the motion for summary judgment is GRANTED in part and DENIED in part, and the motion for a Rule 56(f) continuance is DENIED as moot.

## BACKGROUND

Ross and Gainey entered into a written Contract Carrier Transportation Agreement

("Agreement"), effective June 1, 2002, by which Gainey agreed to perform shipping services for Ross. (See Harbarger Decl. ¶ 5 and Ex. A.) In the instant action, Ross asserts a single cause of action against Gainey, pursuant to the Carmack Amendment, 49 U.S.C. § 14706, for damages resulting from two lost shipments of goods.

With respect to the first shipment, Vicki Harbarger ("Harbarger"), a Freight Claims Specialist with Ross whose duties include processing claims for shipments of goods that are reported as lost, stolen or damaged during transport, attests that, on December 3, 2002, she was notified by her manager, Robert Isenhour ("Isenhour"), that a load of goods being transported by Gainey from the Ross Distribution Center in Ft. Mill, South Carolina, to Santa Fe Springs, California, had been lost in transit. (See Harbarger Decl. ¶¶ 2, 6.) The bill of lading and "pool shipper manifests" for that shipment state that the shipment contained 648 cartons of goods. (See id. ¶¶ 7-8 and Ex. B.) On December 9, 2002, Harbarger submitted a claim to Gainey for the lost goods in the amount of $211,086.00 (648 cartons x $325.75 per carton).[1] (See id. ¶¶ 9-10 and Ex. C.) Gainey, in its answer to the complaint, "admits . . . that on or about November 19, 2002 Ross engaged the services of Gainey Transportation to transport a trailer of goods from Ft. Mill, South Carolina to Santa Fe Springs, California and that the goods did not reach their intended destination." (See Lewis Decl. Ex. A (Answer) ¶ 8.) Thereafter, in its responses to requests for admission, Gainey admitted that it took possession of the goods and that "the load of goods from Ross was lost or stolen while in the possession of Gainey." (See Lewis Decl. Ex. B at 1-2 (responses to Requests for Admission Nos. 2 and 3)).

Harbarger further attests that, on May 27, 2003, Isenhour told her that another shipment of goods had been lost in transit. (See id. ¶ 11.) According to Harbarger, the goods in question were being transported by Gainey from the Ross Distribution Center in Newark, California to Houston, Texas. (See id.) The "pool shipper manifest" for that

---

[1] The value of $325.75 per carton is based on § 14.1 of the Agreement, which provides that Gainey "and his Insurance Carrier hereby agree that for the purpose of claims, the value of a store carton shall be $325.75." (See Harbarger Decl. Ex. A § 14.1.)

2

shipment states that the shipment contained 863 cartons of goods.  (See id. ¶¶ 11-12 and Ex. D.)  On July 1, 2003, Harbarger submitted a claim to Gainey for the lost goods in the amount of $281,122.25 (863 cartons x $325.75 per carton).  (See id. ¶¶ 13-14 and Ex. E.)  Gainey, in its answer to the complaint, "admits . . . that on or about May 15, 2003 Ross engaged the services of Gainey Transportation to transport a trailer of goods from Newark, California to Houston, Texas and that the goods did not reach their intended destination."  (See Lewis Decl. Ex. A (Answer) ¶ 10.)  Thereafter, in its responses to requests for admission, Gainey admitted that it took possession of the goods and that "the load of goods from Ross was lost or stolen while in the possession of Gainey."  (See Lewis Decl. Ex. B at 2 (responses to Requests for Admission Nos. 4 and 5)).

Ross seeks damages for the two lost shipments, pursuant to the Carmack Amendment, in the total amount of $492,208.25.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(b), (c).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  See id.  The Court may not weigh the evidence.  See id. at 255.  Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor."  See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it believes demonstrate the

1    absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317,
2    323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving
3    party's burden is discharged when it shows the court that there is an absence of evidence
4    to support the nonmoving party's case. See id. at 325.
5         Where the moving party "bears the burden of proof at trial, he must come forward
6    with evidence which would entitle him to a directed verdict if the evidence went
7    uncontroverted at trial." See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992)
8    (citations omitted); see also Fontenot v. Upjohn, 780 F.2d 1190, 1194 (5th Cir. 1986)
9    (holding when plaintiff moves for summary judgment on an issue upon which he bears the
10   burden of proof, "he must establish beyond peradventure all of the essential elements of
11   the claim . . . to warrant judgment in his favor.") (emphasis in original).
12        A party opposing a properly supported motion for summary judgment "may not rest
13   upon the mere allegations or denials of [that] party's pleading, but . . . must set forth
14   specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e); see
15   also Liberty Lobby, 477 U.S. at 250. The opposing party need not show that the issue will
16   be resolved conclusively in its favor. See Liberty Lobby, 477 U.S. at 248-49. All that is
17   necessary is submission of sufficient evidence to create a material factual dispute, thereby
18   requiring a jury or judge to resolve the parties' differing versions of the truth at trial. See id.

19                                **DISCUSSION**
20        **A. Carmack Amendment**
21        The Carmack Amendment, 49 U.S.C. § 14706, established a uniform national
22   liability policy for interstate carriers. See Hughes Aircraft Co. v. North American Van Lines,
23   Inc., 970 F.2d at 613. In an action under the Carmack Amendment to recover damages for
24   loss of goods during shipment, "the shipper establishes a prima facie case by proving three
25   elements: (1) delivery of the cargo to the originating carrier; (2) receipt by the consignee of
26   less goods at the destination, and (3) damages." See Johnson & Johnson v. Chief Freight
27   Lines Co., 679 F.2d 421, 421 (5th Cir. 1982). "The carrier is then liable for the loss of the
28   goods it transported unless it can show both that it was free from negligence and that the

damage to the cargo was due to one of the excepted causes – such as an act of the shipper – relieving the carrier of liability." Id. at 422.  In particular, the Supreme Court has held that, under the Carmack Amendment, "a carrier, though not an absolute insurer, is liable" to the shipper "unless [the carrier] can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." See Missouri Pacific Railroad Co. v. Elmore & Stahl, 377 U.S. 134, 137 (1964) (internal quotation and citation omitted).

### 1. Liability

Gainey does not dispute the first two elements of Ross's prima facie case and, in fact, has submitted evidence that both of the shipments at issue were stolen while in Gainey's custody.  (See Kelly Decl. ¶ 3 and Exs. A and B.)  Gainey does dispute the third element of the prima facie case, the amount of damages.  As the parties do not dispute that the shipments were stolen while in Gainey's custody, however, it cannot be disputed that Ross suffered some amount of damages.  Accordingly, Ross has demonstrated a prima facie case of liability under the Carmack Amendment.  See Johnson & Johnson v. Chief Freight Lines Co., 679 F.2d at 421 (setting forth elements of prima facie case).

Gainey does not argue that it can show that it was free from negligence or that the goods were stolen as a result of any of the "excepted causes" that relieve a carrier from liability.  See Missouri Pacific Railroad Co. v. Elmore & Stahl, 377 U.S. at 137-38 (setting forth "the excepted causes relieving the carrier of liability").

Accordingly, the Court will GRANT summary judgment for Ross on the issue of liability.

### 2. Damages

As noted, the parties dispute the amount of damages to which Ross is entitled. Ross contends that it is entitled to damages of $325.75 per carton, pursuant to §§ 14.1 and 14.2 of the Agreement.  Gainey contends that the carton value of $325.75 referred to in both § 14.1 and § 14.2 has no application to the instant case, and that Ross is not entitled

to damages without proving the amount of its actual loss.[2]  Generally, in the absence of an agreement to the contrary between the shipper and the carrier, the Carmack Amendment "subjects a motor carrier transporting cargo in interstate commerce to absolute liability for 'actual loss or injury to [the] property.'"  See Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 611 (9th Cir. 1992) (citing 49 U.S.C. § 11707); see also 49 U.S.C. § 14706(a).

Section 14.1 of the Agreement provides, in relevant part:

> CARRIER agrees that during the processing of product through Ross Distribution Centers, the original carton identification may be lost or changed through the process of repackaging master packages into store repacks.  As a result of this business practice, the CARRIER and his Insurance Carrier hereby agree that for the purpose of claims, the value of a store carton shall be $325.75. . . . All Claims will be supported by vendor invoices and carrier agrees to pay all legally filed claims including any paid freight charges.

(See Harbarger Decl. Ex. A § 14.1.)  Section 14.2 provides, in relevant part:

> CARRIER shall otherwise be liable to ROSS as provided in Section 14706 of Title 49 of the United States Code and as in effect on the date of this Agreement, for the full actual loss, damage, injury or delay of any commodities shipped hereunder while in the custody, possession or control of CARRIER hereunder or resulting from CARRIER's performance of or failure to perform the services provided for in this Agreement.  If a shipment or any part thereof is lost, damaged, or destroyed, CARRIER shall pay to ROSS as general damages the Carton Value, less salvage proceeds, if applicable . . . .

(See id. § 14.2.)  Gainey argues that, pursuant to §§ 14.1 and 14.2, the carton value of $325.75 applies only to goods that are "lost, damaged, or destroyed," (see id.), and that when goods are stolen, it is liable only for the "full actual loss," (see id.), of the shipment. Tim Kelly, Gainey's Director of Driver Safety at the time the shipments purportedly were stolen, attests that, in his experience in the shipping industry, the phrase "lost, damaged or destroyed" has an industry-specific meaning.  (See Kelly Decl. ¶ 5.)  According to Kelly, the phrase "lost, damaged or destroyed" refers to goods that have been "physically altered, damaged, or destroyed" and does not refer to "goods that are stolen."  (See id.)  Kelly attests that the distinction "is based on the physical state of the goods"; stolen goods can be recovered and may be whole or undamaged, while goods that have been physically

---

[2] There is no evidence before the Court as to the actual value of the cartons.

damaged, altered, or destroyed are permanently lost to the shipper. (See id.) According to Kelly, the word "loss," in "contrast" to "lost," refers to "goods that have not been recovered, regardless of the reasons or cause" and, thus, encompasses shipments that "are missing, stolen, or lost (damaged or destroyed)." (See Kelly Decl. ¶ 6.)

Ross argues that §§ 14.1 and 14.2 are unambiguous and objects to the above-cited portions of the Kelly declaration as lacking foundation and personal knowledge, as well as constituting improper lay opinion and inadmissible parol evidence. The Court need not reach these objections, however, because even without Kelly's declaration, which itself is confusing, there appears to be an ambiguity in § 14.2. On the one hand, § 14.2 requires Gainey to pay for the "full actual loss, damage, injury or delay of any commodities shipped"; on the other hand, it requires Gainey to pay a contractually agreed upon carton value for any "lost, damaged or destroyed" shipment. (See Harbarger Decl. Ex. A § 14.2.) These two phrases appear to be inconsistent.[3] Additionally, the significance of the word "otherwise" is unclear. (See id.) As Ross has not submitted any evidence of the parties' intent in drafting the Agreement, or any other evidence from which the Court can determine whether Gainey is required, under the Agreement, to pay Ross the carton value or the full actual loss, Ross has not demonstrated its entitlement to summary judgment on the issue of damages.

Accordingly, Ross' motion for summary judgment on the issue of damages will be DENIED.[4]

//

**B. Request for Rule 56(f) Continuance**

---

[3] Under the Carmack Amendment, when goods are lost during shipment, "actual loss" is measured by the shipment's "market value at the destination had it arrived safely" or, where the goods can be replaced, by the replacement cost. See Neptune Orient Lines, Ltd. v. Burlington Northern and Santa Fe Ry. Co., 213 F.3d 1118, 1120 (9th Cir. 2000).

[4] Because Ross has not demonstrated that the $325.75 carton value applies to the stolen shipments at issue, and because Gainey has not filed a cross-motion for summary judgment, the Court does not reach Gainey's argument that the $325.75 carton value is an unenforceable liquidated damages clause under California law.

In its opposition, Gainey requests a continuance of the hearing on the motion for summary judgment, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." See Fed. R. Civ. P. 56(f). Gainey argues that a continuance is warranted because it needs to take additional discovery with respect to the parties' intent in drafting the Agreement, the date of its execution, the reasonableness of the carton value, and the value of the shipments in question. Such discovery, Gainey's counsel attests, "will shed light on the intent of the parties as to the proper measure of damages to be applied to the losses at issue." (See Rynbrandt Decl. ¶ 3.). As the discovery Gainey seeks relates only to calculation of damages, however, the motion for a continuance is moot because, even in the absence of such evidence, Ross has not demonstrated its entitlement to summary judgment on damages. As noted, Gainey does not dispute its liability under the Carmack Amendment and disputes only the amount of damages.

Accordingly, the Court will DENY Gainey's request for a Rule 56(f) continuance.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS in part and DENIES in part plaintiff's motion for summary judgment, as follows:

1. Ross' motion for summary judgment on the issue of liability is GRANTED.

2. Ross' motion for summary judgment on the issue of damages is DENIED.

//
//
//
//

3.  Gainey's motion for a continuance, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, is DENIED as moot.

This order terminates Docket No. 26.

**IT IS SO ORDERED.**

Dated: June 14, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge